## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| JOHN F. KENNEDY, solely in his capacity as Receiver for the Receivership Estate of Education Corporation of America, Virginia College, LLC, and New England College of Business and Finance, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Defendant. | Case No. 5:24-cv-00082-TES <br><br> The Honorable Tilman E. Self, III |

## PROPOSED STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

This Stipulation and Protective Order Governing the Production and Exchange of Confidential Information (the "Stipulation") is entered into by and among: Plaintiff John F. Kennedy, solely in his capacity as Receiver for the Receivership Estate of Education Corporation of America, Virginia College, LLC, and New England College of Business and Finance, LLC, and Defendant National Union Fire Insurance Company of Pittsburgh, Pa. (collectively the "Parties" and each a "Party").

WHEREAS, the Parties to the above-captioned action (the "Litigation") are, and will continue to be, engaged in discovery proceedings; and

WHEREAS, those discovery proceedings will necessarily involve the production of certain information that the Parties to the Litigation believe to be confidential and sensitive commercial, financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, that this Stipulation will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, responses to requests for documents and electronically stored information and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Party in good faith and reasonably believes that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Discovery Material"). Provided however, that only a producing party may designate as confidential discovery material any document or information produced by that party.

2. The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

    A. In the case of documents or other materials (apart from transcripts of depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD, Flash or Thumb Drive).

      B.    In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel for any Party or non-Party, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within ten (10) business days after receipt of the final transcript, provided that only those portions of the transcript designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. All depositions and other pretrial testimony will be deemed to be Confidential Discovery Material until the expiration of ten (10) business days after counsel receive a copy of the final transcript, after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony or in writing thereafter, without further order of the Court.

      C.    In the case of any other Discovery Material, by written notice to all Parties that the Discovery Material constitutes Confidential Discovery Material.

      3.    Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such designation. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as "Confidential," by notifying in writing the Parties to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material in a manner consistent with Paragraph 2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes,

or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise its best efforts to ensure: (i) the prompt return or destruction of such Discovery Material if the person or persons to whom such Discovery Material was disclosed is/are not permitted to receive Confidential Discovery Material pursuant to the terms of this Stipulation; (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced; (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation; and (iv) that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 8 of this Stipulation.

4. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    A. The Parties and the directors, officers, employees, general partners, limited partners, managers, and members of the Parties, or any subsidiary or affiliate thereof, including the Parties' claims administrators;

    B. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services);

    C. Subject to Paragraph 6, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees,

and service vendors of such experts or consultants (including outside copying and litigation support services);

    D. Subject to Paragraph 7, witnesses or deponents (and their counsel) who do not otherwise qualify to receive and review Confidential Discovery Material, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

    E. Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

    F. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

    G. Any regulators, auditors or reinsurers or their retrocessionaires as may be required in the ordinary course of Defendant's business; and

    H. Any other person only upon (i) order of the Court entered upon notice to the Parties; or (ii) written stipulation of, or statement on the record by, the Producing Party that provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

  5. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

  6. Notwithstanding Paragraph 4(C) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that

such expert or consultant: (i) is using said Confidential Discovery Material solely in connection with this Litigation; and (ii) agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

7. Notwithstanding Paragraph 4(D) above, Confidential Discovery Material may be provided to such persons described in Paragraph 4(D) and their counsel only after they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto.

8. Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

9. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

10. Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material (a "Filing Under Seal") must be filed with the Court under seal in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. Prior to any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

11. Any Party who objects to the continued restriction on public access to any Filing Under Seal, or any portion thereof, shall give written notice of the objection to the Producing Party. To the extent that the Producing Party seeks to continue the restriction on public access to the Filing Under Seal, or any portion thereof, the Producing Party shall file an application with the Court within seven days for a judicial determination as to whether good cause exists for continued restricted access to the Filing Under Seal, or any portion thereof.

12. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation. The provisions of this Stipulation are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material, which remains on the Party that designates such Discovery Material or testimony as Confidential.

13. The Parties reserve the right to apply, pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation.

14. Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, shall not:

    A. Prejudice in any way the rights of any Party to: (i) seek production of documents or information it considers subject to discovery; or (ii) object to the production of documents or information it considers not subject to discovery;

B.  Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

C.  Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

D.  Prejudice in any way the rights of any Party to: (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material; or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation;

E.  Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

F.  Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation;

G.  Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

H.  Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

15. This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential

Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

16. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

17. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

18. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

19. In the event that any Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

20. Subject to the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules, the provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 21.

21.     Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material may proceed in one of the following three ways: (i) maintain such Confidential Discovery Material in accordance with the Stipulation; (ii) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (iii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material (including summaries, excerpts, and derivative works). Counsel for the Parties shall be entitled to retain Confidential Discovery Material (including court papers, deposition and trial transcripts, litigation files, attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such Confidential Discovery Material to any person except as permitted in this Stipulation, pursuant to a court order or agreement by the Producing Party, or except as otherwise required by law. For the avoidance of doubt, Parties shall be entitled to retain Confidential Discovery Material provided that each Party and its employees shall maintain the confidentiality thereof and shall not disclose such Confidential Discovery Material to any person except as permitted in this Stipulation, pursuant to a court order or agreement by the Producing Party, or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

22.     If any person in possession of Confidential Discovery Material (the "Receiving Party") receives a subpoena or other compulsory process seeking the production or other disclosure

of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiving Party (collectively, a "Demand"), the Receiving Party shall, unless legally barred or prohibited from doing so, give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three (3) business days, at least 24 hours prior to the deadline for a response to the Demand), enclosing a copy of the Demand. The burden of opposing the enforcement of the Demand will fall on the Producing Party at its own expense. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiving Party with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

23. No Receiving Party shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiving Party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiving Party responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiving Party responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to

prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

24. In the event that any Party believes that it is necessary to accord greater protections to any Discovery Material than the protections set forth above, counsel for the Parties shall confer in good faith in order to determine whether such Discovery Material shall be accorded such greater protections. In the event the Parties cannot reach agreement, the Party asserting that greater protections are necessary may move the Court on reasonable notice for an order providing for such greater protections.

25. In the event any Party believes that any Discovery Material should be designated as Confidential Discovery Material that was not designated as such by the Producing Party, the Party seeking such designation shall so advise all other Parties. Counsel for the Parties shall then confer in good faith in order to determine whether such Discovery Material shall be designated as Confidential Discovery Material. In the event the Parties cannot reach agreement, the Party seeking such designation may move the Court on reasonable notice for an order providing for such designation. If a Party seeks such relief, the Discovery Material at issue shall be treated as Confidential Discovery Material until such time as the Court has ruled on any such motion. In the event that Discovery Material is deemed Confidential Discovery Material pursuant to this paragraph, whether by agreement of the Parties or Court order, the Party seeking such designation shall be considered a Producing Party for purposes of all other provisions of this Stipulation.

Dated: October 15, 2024

/s/ James F. Banter
James F. Banter (Georgia Bar No. 581797)
JAMES, BATES, BRANNAN, GROOVER LLP
231 Riverside Drive, P.O. Box 4283
Macon, Georgia 31208
jbanter@jamesbatesllp.com
(478) 742-4280

*Counsel for Plaintiff John F. Kennedy, solely in his capacity as Receiver for the Receivership Estate of Education Corporation of America, Virginia College, LLC, and New England College of Business and Finance, LLC*

Respectfully submitted,

/s/ Alexandra S. Peurach
Alexandra S. Peurach (Georgia Bar No. 451333)
Andrew A. Roberts (Georgia Bar No. 425333)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
alex.peurach@alston.com
andrew.roberts@alston.com
(404) 881-7000

Alexander S. Lorenzo (admitted *pro hac vice*)
ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, New York 10016
alexander.lorenzo@alston.com
(212) 210-9400

*Counsel for Defendant National Union Fire Insurance Company of Pittsburgh, Pa.*

The Court, having reviewed the information contained in the Proposed Stipulation and Protective Order Governing the Production and Exchange of Confidential Information completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' proposed stipulation and protective order and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED**, this 15 day of Oct, 2024.

Tilman E. Self, III, Judge
United States District Court